# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**Sheyda Mokhtarian**
445 Lazy Willow Lane
Lawrenceville, GA 30044

        *Plaintiff*,

    v.

**Daniel Fasci**
45930 North Greens Rest Drive
Great Mills, MD 20634

and,

**United States Department
of the Navy**
      Serve:  General Litigation
              Division
              Navy Department
              1322 Patterson Ave., Suite
              3000
              Washington Navy Yard,
              DC 20374

        *Defendants*.

Civil Case No.:     **8:19-CV-1542**

\*Jury Trial Demanded\*

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, by and through undersigned counsel, Cary J. Hansel and the law firm of Hansel Law, P.C., before this Honorable Court, and sues the above-named Defendant, and in support thereof states as follows:

## INTRODUCTION

1)    This lawsuit stems from Defendant United States Department of the Navy ("U.S. Navy") negligently allowing one of their employees, Defendant Daniel Fasci ("Fasci" or "Defendant Fasci"), to install hidden cameras under the desks of female employees, including Plaintiff Sheyda Mokhtarian ("Ms. Mokhtarian"), in order to observe them surreptitiously.

2)    Other female employees had previously made complaints about Fasci and his harassing behavior, but Defendant U.S. Navy failed in its duty to ensure Fasci did not continue to harass female employees.

## JURISDICTION AND VENUE

3)    Jurisdiction is proper in this Honorable Court under 28 U.S.C. § 1346 because this is a civil action for injury caused by the negligent and/or wrongful act and/or omission of employees of the Government acting within the scope of their employment.

4)    Jurisdiction is also proper in this Honorable Court under 28 U.S. Code § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States.

5)    Venue is proper in this Honorable Court under 28 U.S.C. § 1391 because the District of Maryland is this judicial district in which Defendant resides, and a substantial part of the events at issue took place in St. Mary's County, Maryland.

## PARTIES

6)    Plaintiff Sheyda Mokhtarian is an adult citizen of Gwinnett County, Georgia, residing at 445 Lazy Willow Lane, Lawrenceville, GA 30044.  At all times relevant to this complaint, Ms. Mokhtarian was an employee of the United States Department of the Navy at a facility located in St. Mary's County, Maryland.

7)    Defendant Daniel Fasci is, and was at all times relevant to the occurrence complained of herein, an adult resident of St. Mary's County, Maryland.  At all times relevant to the occurrence complained of herein, Defendant Fasci was employed by the U.S. Department of the Navy as an employee at NAVAIR, 22268 Cedar Point, Road Building 409, Patuxent River, MD 20670.

8)      Defendant U.S. Department of the Navy is a military department of the United States of America under 5 U.S.C. § 102 with a domicile in St. Mary's County, Maryland, at Naval Air Station Patuxent River ("NAS Pax River"), 22268 Cedar Point, Road Building 409, Patuxent River, MD 20670.

## FACTS COMMON TO ALL COUNTS

9)      In or about May 2017, Plaintiff Ms. Mokhtarian began her employment as a civilian employee at NAS Pax River.

10)      On or about July 12, 2017, NAS Pax River Information Technologies staff presented themselves to Ms. Mokhtarian's work station in order to install a new computer monitor she had requested.

11)      In the course of their work installing the new monitor, the members of the IT staff discovered a hidden camera under Ms. Mokhtarian's desk with the lens directed towards her.

12)      An internal investigation discovered that another NAS Pax River employee, Defendant Daniel Fasci, had installed the camera under Plaintiff's desk in order to record her without her knowledge and/or consent.

13)      In or about January 2016, Defendant Fasci had been reprimanded by supervisors at NAS Pax River, after they discovered as a result of an investigation that Fasci had been taking photographs of another female employee outside of work and without her consent.

14)      As a result of this investigation of, and the imposition of employee discipline against, Fasci, Defendant U.S. Navy was aware of Defendant Fasci's dangerous and harassing behavior towards other female employees.

15)      Though Fasci had followed a female employee in order to take pictures of her surreptitiously, Defendant U.S. Navy did nothing to ensure Defendant Fasci would not be able to

photograph, film, stalk, or otherwise harass female employees, and instead only reprimanded him for his injurious and tortious conduct.

16)     On information and belief, at least three other female employees of Defendant U.S. Navy were similarly filmed secretly and without their consent.

17)     After discovering she had been filmed under her desk surreptitiously, Plaintiff suffered severe mental pain, suffering and anguish, manifesting in the physical symptoms of severe and debilitating anxiety and fear.

18)     Plaintiff suffered economic and financial injury when her severe and debilitating anxiety forced her to quit her job and move out of the state of Maryland.

19)     Defendants' actions were the proximate cause of Plaintiff's injuries.

20)     The Defendants were, at all times relevant to the occurrence complained of herein, acting within the scope of their office or employment.

21)     Plaintiff in no way contributed to her injuries.

22)     Defendant U.S. Navy is liable for the actions of Fasci, knew or should have known of his harassing conduct, had the authority to take preventive and corrective action, and failed to take reasonable preventive or corrective measures.

23)     Defendants' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

24)     The filing of this lawsuit was preceded by appropriate notice to the appropriate federal agency under law, and all conditions precedent to the filing of this suit have been met.

**COUNT I**
**CIVIL RIGHTS ACT [42 U.S.C. § 1983]**
**Equal Protection**

25)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

26)     The female Plaintiff was treated differently than her similarly-situated male counterparts, based solely on her sex.

27)     Male employees were not forced to work with a known and dangerous harasser.

28)     The Plaintiff was singled out for harassment by the Defendants.  Similarly situated males suffer no similar harassment.

29)     There is not a rational basis, legitimate state purpose, or important governmental interest in the harassment at issue.

30)     The Plaintiff was being intentionally singled out because of her sex.  As such, she is a member of a suspect classification and the harassment must be viewed with strict scrutiny.

31)     The harassment at issue interferes with the Plaintiff's fundamental rights to physical security, to be secure in her workplace and to privacy.

32)     As a result of the Defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering, in addition to financial and economic injury.

33)     Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT II
### CIVIL RIGHTS ACT [42 U.S.C. § 1983]
### Due Process

34)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

35)     The Defendants were, at all relevant times, acting "under color of law," pursuant to the United States Constitution and federal law and regulations.

36)     The Plaintiff was deprived of her constitutional rights as well as her rights as described above under the Civil Rights Act, a federal statute.

37)     With respect to the United States Constitution, the Plaintiff was denied the right to substantive due process of law insofar as her employer, a government agency, allowed a known sexual harasser to film her surreptitiously under her desk, thus subjecting her to the harassing treatment in violation of her due process rights.

38)     The Plaintiff has a liberty interest in the right to be secure in her person in the workplace.  This interest was violated when Fasci installed a camera under Plaintiff's desk and filmed her surreptitiously.

39)     There are no adequate procedural safeguards in place to prevent this abuse.

40)     Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

### COUNT III
### CIVIL RIGHTS ACT [42 U.S.C. § 1983]
### *Monell*-Unconstitutional Pattern or Practice

41)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

42)     Defendants maintained a policy of unconstitutional and unlawful supervision and abuse of authority.

43)     Prior to the dates relevant to the occurrence complained of herein, Defendants permitted and tolerated a pattern and practice of unjustified, unreasonable, and illegal sexual harassment through an abuse of power and authority.

44)     The failure to properly train, prosecute, supervise and discipline U.S. Navy employees demonstrates a gross disregard for the constitutional rights of the public and the Plaintiff, and was the proximate cause of the injuries sustained by the Plaintiff.

45)     Defendants subjected Plaintiff to harassment solely on the basis of sex.

46)     The regular and sustained disparate treatment of female employees by Defendants demonstrates the Defendants' pattern and practice of unjustified, unreasonable, and illegal sexual harassment against females through an abuse of power and authority.

47)     Sexual harassment and other instances of misconduct occur so frequently that it has become accepted manner by Defendants.  This is a result of Defendants' failure to establish effective procedures, rules, orders, guidelines and practices to ensure that such actions will not occur and to ensure that allegations of wrongdoing will be thoroughly investigated and appropriately punished when found to have occurred.  As a result of this failure, there has been a regular pattern and practice of racial discrimination and retaliation.  This pattern and practice has been manifested in other prior incidents with Defendant U.S. Navy staff and supervisors.

48)     As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants and that stated elsewhere herein, Plaintiff was caused to suffer and continues to suffer severe mental anguish as well as physical pain and suffering, in addition to financial and economic injury.

49)     Plaintiff is entitled to compensatory and punitive damages and attorneys' fees and costs.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, punitive damages in an amount to be determined by a jury, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

<b>COUNT IV</b><br><b>Intentional Infliction of Emotional Distress</b>

50)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

51)     Defendant Fasci's conduct of installing a secret video camera under the desk of Plaintiff, and Defendant U.S. Navy's conduct of failing to end Fasci's harassing behavior after they became aware of it, was intentional and/or reckless.

52)     Defendant Fasci's conduct of installing a secret video camera under the desk of Plaintiff, and Defendant U.S. Navy's conduct of failing to end Fasci's harassing behavior after they became aware of it, was extreme and dangerous.

53)     Defendants' actions were the proximate cause of Plaintiff's severe emotional distress.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

<b>COUNT V</b><br><b>Negligent Training</b>

54)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

55)     Defendant U.S. Navy bears direct responsibility for the training of Daniel Fasci.

56)     Defendant U.S. Navy knew or should have known, prior to Fasci having an opportunity to harass the Plaintiff, that he was unfit for the duties of his job and dangerous to the Plaintiff and other female coworkers.  Fasci was previously reprimanded for stalking and photographing a female coworker.

57)     Defendant U.S. Navy knowingly overlooked Fasci's history of sexual harassment.

58)     Defendant U.S. Navy failed to exercise their duty to provide any training sufficient to prevent the sexual harassment and other misconduct outlined herein.

60)     Defendant U.S. Navy knew or should have known of the complaints against Defendant Fasci.  These complaints clearly illustrated Fasci's unfitness for the duties of his job and his dangerousness to female employees.  Yet, Defendant U.S. Navy violated their duty to properly train Defendant Fasci, or provide sexual harassment training.

61)     As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT VI
## Negligent Retention

62)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

63)     Defendant U.S. Navy bears direct responsibility for the retention of Daniel Fasci.

64)     Defendant U.S. Navy knew or should have known, prior to Fasci having an opportunity to harass the Plaintiff, that he was unfit for the duties of his job and dangerous to the

Plaintiff and other female coworkers.  Fasci was previously reprimanded for stalking and photographing a female coworker.

65)     Defendant U.S. Navy knowingly overlooked Fasci's history of sexual harassment and negligently retained him as its employee.

66)     Defendant U.S. Navy failed to exercise their duty to terminate and not retain employees engaged in the sexual harassment and other misconduct outlined herein.

67)     Defendant U.S. Navy knew or should have known of the numerous complaints against Defendant Fasci.  These complaints clearly illustrated Fasci's unfitness for the duties of his job and his dangerousness to female employees.  Yet, Defendant U.S. Navy violated their duty to terminate the employment of Defendant Fasci until well after the harassment had occurred.

68)     As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

**COUNT VII**
**Negligent Supervision**

69)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

70)     Defendant U.S. Navy bears direct responsibility for the supervision of Daniel Fasci.

71)     Defendant U.S. Navy knew or should have known, prior to Fasci having an opportunity to harass the Plaintiff, that he was unfit for the duties of his job and dangerous to the

Plaintiff and other female coworkers.  Fasci was previously reprimanded for stalking and photographing a female coworker.

72)     Defendant U.S. Navy knowingly overlooked Fasci's history of sexual harassment.

73)     Defendant U.S. Navy failed to exercise their duty to properly supervise Fasci so as to prevent the sexual harassment and other misconduct outlined herein.

74)     Defendant U.S. Navy knew or should have known of the numerous complaints against Defendant Fasci.  These complaints clearly illustrated Fasci's unfitness for the duties of his job and his dangerousness to female employees.  Yet, Defendant U.S. Navy violated their duty to supervise the employment of Defendant Fasci until well after the harassment had occurred.

75)     As a result of the defendants' actions, the Plaintiff suffered and continues to suffer severe mental anguish as well as physical pain and suffering.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT VIII
### Gross Negligence

76)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

77)     Defendant Fasci acted with a wanton and reckless disregard for Plaintiff's civil rights by engaging in harassing behavior.

78)     The individual Defendants intentionally failed to perform their duties by engaging in harassing behavior, and allowing and encouraging a pervasive atmosphere of harassing behavior.

11

79)     The individual Defendants' conduct demonstrated a thoughtless disregard of the consequences of their actions and showed no effort to avoid these consequences.

80)     The individual Defendants' conduct demonstrated an indifference to Plaintiff's civil rights to the point where they acted as if such rights did not exist.

81)     The individual Defendants intentionally inflicted injuries on Plaintiff through their wrongful conduct.

82)     As a direct and proximate result of the aforesaid grossly negligent conduct, actions and inactions of Defendants and that stated elsewhere herein, Plaintiff was caused to suffer and continues to suffer severe mental anguish as well as physical pain and suffering, in addition to financial and economic injury.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## COUNT IX
### Harassment

83)     All paragraphs of this complaint, whether found above or below, not falling under this count, are incorporated herein by reference as if fully stated under this count.

84)     Plaintiff has a right to be free from harassment or any course of conduct that alarms or seriously annoys the other.

85)     Defendant Fasci installed a camera under Plaintiff's desk with intent to harass, alarm, and/or annoy the Plaintiff, and without a legal purpose for doing so.

86)     Defendants had been warned about Fasci's offensive conduct when other female employees had complained about his past harassment and behavior.

87)     As a direct and proximate result of the aforesaid harassment, actions and inactions of Defendants and that stated elsewhere herein, Plaintiff was caused to suffer and continues to suffer severe mental anguish as well as physical pain and suffering, in addition to financial and economic injury.

WHEREFORE, the Plaintiff demands ONE MILLION DOLLARS ($1,000,000.00) in compensatory damages, costs and attorneys' fees, and such other relief as this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

The Plaintiff demands trial by jury.

Respectfully submitted,

HANSEL LAW, PC


_____/S/_____
Cary J. Hansel (Bar No. 14722)
cary@hansellaw.com
Erienne A. Sutherell (Bar No. 20087)
esutherell@hansellaw.com
2514 N. Charles Street
Baltimore, MD 21218
Phone: (301) 461-1040
Fax: (443) 451-8606

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of May, 2019, I caused the foregoing to be filed via the Court's electronic filing system, which will make service on all parties entitled to service.

_____/s/_____
Erienne A. Sutherell
