**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

SHEYDA MOKHTARIAN,                              *

Plaintiff,                                      *

v.                                              *          Civil No. 8:19-cv-01542-PWG

DANIEL FASCI and                                
UNITED STATES OF AMERICA,                       *

Defendants.                                     *

*       *       *       *       *       *       *       *       *       *       *       *       *       *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sheyda Mokhtarian brought this action after learning that a co-worker allegedly placed a hidden camera under her desk at the U.S. naval installation where she worked.  Her Amended Complaint names as defendants the co-worker, Daniel Fasci, and the United States. Before the Court is the Government's motion to dismiss the claims against it.[1]  For the reasons discussed below, the motion is granted.  Count III and Count IV against the United States are dismissed with prejudice.

**Background**

For purposes of considering the Government's motion, this Court takes the facts alleged in the Amended Complaint as true.  *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  In May 2017, Ms. Mokhtarian began working as a civilian employee at Naval Air Station Patuxent River ("NAS Pax River") in St. Mary's County, Maryland.  Am. Compl. ¶ 9, ECF No. 14.  Two months later, as information technology technicians were installing a new computer monitor, they discovered a camera under Ms. Mokhtarian's desk "with the lens directed towards

---

[1] The motion has been fully briefed.  *See* ECF Nos. 15, 16, 17.  A hearing is not necessary.  *See* Loc. R. 105.6 (D. Md. 2018).

her in a manner that appeared designed to film private areas of her body and/or undergarments." *Id.* ¶ 11.  An internal investigation found that Mr. Fasci, who also worked at NAS Pax River, had placed the camera under Ms. Mokhtarian's desk to secretly film her.  *Id.* ¶ 12.  The incident caused Ms. Mokhtarian to suffer severe anxiety, leading her to quit her job and leave the state of Maryland.  *Id.* ¶ 18.  Mr. Fasci's supervisors at NAS Pax River had reprimanded him more than a year earlier, in January 2016, for taking photographs of another female co-worker without her consent outside of work.  *Id.* ¶ 13.

After the discovery of the camera, the Government states that Mr. Fasci's building access was removed and base police officers took him into custody.  Def.'s Mem. 3, ECF No. 15-1.  He was officially terminated from federal service a month later, in August 2017.  *Id.* at 3-4.  Ms. Mokhtarian alleges that at least three other female employees secretly were filmed without their consent.  Am. Compl. ¶ 16.  In her response to the motion to dismiss, Ms. Mokhtarian points to a news report that Mr. Fasci admitted—following the initial discovery at Ms. Mokhtarian's work station—to placing secret cameras under the desks of four female co-workers.  Ex. A, Pl.'s Resp., ECF No. 16-2.

In May 2018, pursuant to the Federal Tort Claims Act ("FTCA"), Ms. Mokhtarian filed an administrative claim with the Navy seeking $2.2 million for emotional distress and lost wages.  Ex. B, Pl.'s Resp.  The Navy denied her claim, and this lawsuit followed.  Ex. C, Pl.'s Resp.  The Amended Complaint asserts four claims, two of which concern only Mr. Fasci.  Count III alleges negligent retention by the United States, and Count IV alleges negligence by both Mr. Fasci and the United States.  Mr. Fasci has not appeared in this case.  The Government has filed the pending motion to dismiss the claims against it.

**Standard of Review**

The Government argues that Count III for negligent retention should be dismissed for lack of subject matter jurisdiction and that Count IV for negligence should be dismissed for lack of subject matter jurisdiction or failure to state a claim.   Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  In a facial challenge to subject matter jurisdiction, as the Government asserts here, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).[2]

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Specifically, a plaintiff must establish "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Well-pleaded facts as alleged in the complaint are accepted as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).  Factual allegations

---

[2] When the jurisdictional facts are challenged, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647; *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

must be construed "in the light most favorable to [the] plaintiff." *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (quoting *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1062 (4th Cir. 1984)).   Additionally, the Court may "consider documents that are explicitly incorporated into the complaint by reference." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013) ("The court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed."); *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).

### Discussion

In Count III, Ms. Mokhtarian alleges the United States is liable for negligent retention.  In Count IV, Ms. Mokhtarian alleges a negligence claim against Mr. Fasci and the United States, asserting that the Government is liable under various theories.   The Government moves to dismiss the claims against it on the basis that this Court lacks subject matter jurisdiction because of the United States' sovereign immunity and because Ms. Mokhtarian has failed to state a claim.[3]

### I.   Count III: Negligent Retention

The doctrine of sovereign immunity protects the United States from liability, except where it has expressly consented to be sued.  Even when the United States has waived sovereign immunity, the terms of its waiver provide limitations on a court's jurisdiction to hear the action. *See Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996).   Passed in 1946, the FTCA

---

[3] The Government also argues that Ms. Mokhtarian's claims are preempted by the Civil Service Reform Act and Title VII.  This argument need not be addressed because the grounds for dismissal discussed herein are dispositive.

4

"waived the sovereign immunity of the United States for certain torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The statute granted district courts jurisdiction over FTCA claims that are:

> against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA did not waive sovereign immunity with respect to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This "discretionary function exception" applies where two conditions are satisfied. First, the acts alleged to be negligent must be discretionary, meaning they involve an "element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Conversely, if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," then the discretionary function exception does not apply, because "the employee has no rightful option but to adhere to the directive." *Id.* Second, the types of governmental actions protected by the exception must be based on public policy considerations. *Id.* at 537. This is because "Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984).

In the Fourth Circuit, claims involving employee hiring, supervision, and retention fall within the discretionary function exception. *See LeRose v. United States*, 285 F. App'x 93, 97

(4th Cir. 2008) ("[D]ecisions regarding the hiring, supervision and retention of [a federal employee] are precisely the type of decisions that are protected under the discretionary function exception."); *see also Sharrer v. United States*, No. 7:18-cv-356, 2019 WL 1394376, at *5 (W.D. Va. Mar. 27, 2019) (collecting cases in the Fourth Circuit and noting, "Numerous Fourth Circuit courts have held that decisions regarding the hiring, supervision, and retention of employees fall within the discretionary function test.").

In Count III, Ms. Mokhtarian alleges that the United States negligently retained Mr. Fasci because it knew or should have known about his alleged history of sexual harassment. Am. Compl. ¶ 39. Specifically, Ms. Mokhtarian points to an incident in January 2016 when supervisors reprimanded Mr. Fasci for taking photographs of another female co-worker without her consent outside of work. *Id.* ¶ 13. Ms. Mokhtarian alleges that at least three other female employees secretly were filmed without their consent. *Id.* ¶ 16. In support of the claim, she points to a news report that Mr. Fasci allegedly admitted he placed secret cameras under the desks of four female co-workers. Ex. A at 1, Pl.'s Resp., ECF No. 16-2. However, this alleged admission happened after Mr. Fasci's arrest and the events that would have formed the basis of a negligent retention claim.

The Navy's decision to reprimand and retain Mr. Fasci after his inappropriate advances toward the other co-worker falls squarely within the discretionary function exception to the FTCA. Under the first prong of the discretionary function test, Ms. Mokhtarian does not cite a statute, regulation, or policy that prescribes a specific course of action by the Navy, nor does she allege that Mr. Fasci's supervisors failed to follow such a directive. Under the second prong, the Navy's discipline of Mr. Fasci—rather than a termination of his employment—was a judgment

call of the type Congress meant to leave to the executive branch. *See United States v. Gaubert,* 499 U.S. 315, 322–23 (1991).

As noted above, the Fourth Circuit has held that claims involving employee retention fall within the discretionary function exception. *See, e.g.*, *LeRose v. United States*, 285 F. App'x 93, 97 (4th Cir. 2008). Further, courts have found the discretionary function to apply even where the plaintiffs alleged that supervisors had actual knowledge of the complained sexual harassment. For example, the discretionary function exception barred FTCA claims alleging that prison employees repeatedly ignored an inmate's reports of sexual harassment and threats of violence. *Donaldson v. United States*, 281 F. App'x 75, 77–78 (3d Cir. 2008). In a similar case to Ms. Mokhtarian's, the exception precluded FTCA claims alleging that the United States Postal Service negligently retained an employee after the plaintiff, a contract delivery worker, complained of sexual assault and harassment by the employee. *Sharrer*, 2019 WL 1394376, at *5–6. Unlike this case, Sharrer had pointed to a purported policy—an office "know your rights" poster affirming that sexual harassment is not tolerated in the workplace. But, as here, the plaintiff did not allege that supervisors failed to follow a specific procedure for investigating or responding to complaints.

"Being a waiver of sovereign immunity, the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States." *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). Because the decision to discipline yet retain Mr. Fasci was within the Navy's discretion, the FTCA does not encompass Count III. It is therefore dismissed for lack of subject-matter jurisdiction.

## II.  Negligence Claim

In Count IV, Ms. Mokhtarian brings a negligence claim against the United States and Mr. Fasci.  Although Count IV is titled "negligence," the allegations against the United States read as a "catch-all" cause of action as Ms. Mokhtarian asserts various theories of liability.

First, Ms. Mokhtarian states, "Defendants owed Ms. Mokhtarian a manifest duty of care not to violate her substantive due process and other rights under the law."  Am. Compl. ¶ 46. She then alleges that the United States breached that duty "when it negligently allowed a known stalker and harasser access to female employees and the private areas of employee work stations," *id.* ¶ 50; "when it intentionally, willfully, and with wanton or reckless disregard for Ms. Mokhtarian's rights, allowed a known stalker and harasser access to Ms. Mokhtarian, the reasonably private areas of her work station, as well as allowed him to film Ms. Mokhtarian surreptitiously," *id*. ¶ 51; and when it "failed to protect Ms. Mokhtarian from harassment, provide a safe work environment, ensure her security while at her place of employment, and/or adopt policies and/or procedures sufficient to ensure that this type of behavior did not occur," *id*. ¶ 52.

To the extent Ms. Mokhtarian alleges a constitutional claim against the United States based on "her substantive due process . . . rights," *id*. ¶ 46, this claim fails.  The United States has not waived sovereign immunity under the FTCA for constitutional torts.  *See Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir.1999) ("[T]he United States has not waived sovereign immunity in suits claiming constitutional torts . . . ."); *Harris v. United States*, No. 3:10-cv-00027, 2010 WL 2733448, at *3 (E.D. Va. June 8, 2010) ("The United States Supreme Court has held that federal constitutional tort claims are not cognizable under the FTCA.") (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)).  Instead, constitutional torts are only available against

individual defendants, and not the United States, in a *Bivens* action.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).   Therefore to the extent Ms. Mokhtarian alleges a constitutional claim against the United States in Count IV, it fails for lack of subject matter jurisdiction.

To the extent Ms. Mokhtarian's alleges a breach of duty based on "other rights under the law," Am. Compl. ¶ 46, she does not explain the basis for that duty.  Therefore her claims based on the alleged breaches of that unspecified duty in paragraphs 50 and 51 of the Amended Complaint fail for failure to state a claim.  Moreover, to the extent that these claims involve "adopting policies and/or procedures" or other personnel action against Mr. Fasci, this would fall within the discretionary function exception to the FTCA as discussed above and this Court lacks subject matter jurisdiction over the claims.

Next, Ms. Mokhtarian alleges the United States was vicariously liable for the conduct of Mr. Fasci for various reasons:

> Defendant United States is liable for the actions of Fasci under the doctrine of *respondeat superior*.  Defendant United States is also liable for the actions of Fasci under the doctrine of actual and apparent agency.  Defendant United States is also liable for the actions of Fasci because, at all times relevant to the occurrence complained of herein, Fasci was an employee of the United States. Defendant United States is also liable for the actions of Fasci because it had prior notice of his proclivities towards similar unlawful behavior and failed to adequately prevent the harm resulting from such behavior.

Am. Compl. ¶ 49.

First, under the doctrine of respondeat superior, an employer can be held responsible for certain torts by their employees.  Both Defendant and Plaintiff agree that the United States can only be sued for torts committed by its employees in the scope of their employment.  The parties also agree that the scope-of-employment issue must be determined according to Maryland law.

However, the parties disagree on whether Mr. Fasci's alleged installation of a hidden camera under Ms. Mokhtarian's desk would be considered within the scope of his employment.

In Maryland, an employee's conduct falls within the scope of employment when it is authorized by the employer and done in furtherance of the business of the employer. *Sawyer v. Humphries*, 587 A.2d 467, 470 (Md. 1991). The Maryland Court of Appeals explained:

> To be within the scope of the employment the conduct must be of the kind the servant is employed to perform and must occur during a period not unreasonably disconnected from the authorized period of employment in a locality not unreasonably distant from the authorized area, and actuated at least in part by a purpose to serve the master.

*Id.* at 471 (quoting *E. Coast Freight Lines, Inc. v. Baltimore*, 58 A.2d 290, 304 (Md. 1948)). Unauthorized conduct may fall within the scope of employment if it is highly similar or incidental to employer-authorized conduct. *Id.*

But the scope of employment does not encompass an employee's actions that are "personal, or where they represent a departure from the purpose of furthering the employer's business, or where the employee is acting to protect his own interests, even if during normal duty hours and at an authorized locality." *Id.* Conduct that is "unprovoked, highly unusual, and quite outrageous" is considered "purely personal" and outside the scope of employment. *Id.* (quoting *Prosser and Keeton On The Law Of Torts* § 70 (5th ed. 1984)). Whether an employee's conduct is within the scope of employment is ordinarily a question for the jury, but when there is no factual dispute, the issue becomes a question of law. *Tall v. Bd. of Sch. Comm'rs of Baltimore City*, 706 A.2d 659, 668 (Md. Ct. Spec. App. 1998).

Here, the parties both say that Mr. Fasci placed a hidden camera under Ms. Mokhtarian's desk at NAS Pax River. Ms. Mokhtarian contends that Mr. Fasci's conduct fell within the scope of his employment because "all of the events at issue in this matter occurred on a secure military

installation, access to which Defendant Fasci only had as a result of his employment."  Pl.'s

Resp. 15.  If true, Mr. Fasci's conduct is reprehensible.  But it is also entirely divorced from any

conceivable business purpose of his employer.  Even if it happened during work hours and at his

place of employment, Mr. Fasci's alleged conduct clearly was "outrageous" and a clear

"departure from the purpose of furthering" the Navy's business.  Therefore Mr. Fasci's actions

were outside the scope of his employment and Ms. Mokhtarian fails to state negligence claim

based on respondeat superior.

Next, Ms. Mokhtarian asserts that the United States is liable for the actions of Mr. Fasci

"under the doctrine of actual and apparent agency."  Am. Compl. ¶ 49.  This is closely related to

respondeat superior as a theory of vicarious liability.  As the Court of Appeals of Maryland

explained:

> In the law of agency it is the basic general rule that a master is liable for the acts
> which his servant does with the actual or apparent authority of the master, or
> which the servant does within the scope of his employment, or which the master
> ratifies with the knowledge of all the material facts.  This rule is founded upon the
> maxims of the common law, '*qui facit per alium facit per se*,' which indicates the
> legal identity of the principal and his agent, and '*respondent superior*,' which
> indicates the tort liability of the principal.  The law considers that the master holds
> out his servant as competent and fit to be trusted, and thereby he in effect warrants
> his servant's fidelity and good conduct in all matters within the scope of his
> employment.

*Globe Indem. Co. v. Victill Corp.*, 119 A.2d 423, 427 (Md. 1956); *see also Bradford v. Jai Med.*

*Sys. Managed Care Organizations, Inc.*, 93 A.3d 697, 706 (Md. 2014) ("Apparent agency is an

equitable doctrine, whereby a principal is held responsible for the acts of another because the

principal, by its words or conduct, has represented that an agency relationship existed between

the apparent principal and its apparent agent.").  It is undisputed that Mr. Fasci was employed by

the Navy.  But as discussed above, Mr. Fasci's alleged actions at issue here were outside the

scope of his employment and there are no allegations to support the claim that Mr. Fasci had

actual or apparent authority from the Navy to place a camera under Ms. Mokhtarian's desk. Therefore Ms. Mokhtarian fails to state negligence claim based on the doctrine of actual and apparent agency.

Ms. Mokhtarian also claims the United States is liable for the actions of Mr. Fasci "because, at all times relevant to the occurrence complained of herein, Fasci was an employee of the United States."  Am. Compl. ¶ 49.  But this relationship alone is not sufficient for a claim of negligence.  Therefore this allegation does not save Plaintiff's negligence claim.

Finally, Ms. Mokhtarian alleges the United States is liable for the actions of Mr. Fasci "because it had prior notice of his proclivities towards similar unlawful behavior and failed to adequately prevent the harm resulting from such behavior."  Am. Compl. ¶ 49.  This allegation is merely an echo of Ms. Mokhtarian's negligent retention claim.  For the reasons discussed above, this claim falls within the discretionary function exception to the FTCA and therefore this Court lacks subject matter jurisdiction to hear it.

Therefore, under all of Ms. Mokhtarian's various theories of negligence, Count IV against the United States must be dismissed.

### III. Dismissal with Prejudice

For the reasons stated above, Ms. Mokhtarian's claims against the United States are dismissed.  This dismissal is with prejudice.  "'The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court.'"  *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (*quoting 180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)).  Generally, the plaintiff should be afforded an opportunity to amend, or dismissal should be without prejudice.  *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the

complaint, the dismissal should generally be without prejudice.").  Here, Ms. Mokhtarian was given an opportunity to amend and did so after the Government previously raised these deficiencies with the pleadings in accordance with my pre-motion procedure.  *See* ECF Nos. 7, 10, 11, 13, 14.  Therefore further amendment would be futile and the claims are dismissed with prejudice.

<u>**Conclusion**</u>

Ms. Mokhtarian alleges that a Navy coworker, Mr. Fasci, placed a hidden camera under her desk and seeks to hold Mr. Fasci and the United States liable.  While the alleged actions of Mr. Fasci are reprehensible, the claims against the United States must be dismissed.  The Navy's hiring and retention of Mr. Fasci falls within the discretionary function exemption of the FTCA, and therefore this Court lacks subject matter jurisdiction regarding Ms. Mokhtarian's negligent retention claim against the United States.  Similarly, the United States has not waived its sovereign immunity for any constitutional torts alleged by Ms. Mokhtarian.  And Ms. Mokhtarian has failed to state a negligence claim based on vicarious liability or other theories. Because Ms. Mokhtarian already has amended her complaint in light of these deficiencies, the claims against the United States are dismissed with prejudice.

**<u>ORDER</u>**

For the reasons stated in this Memorandum Opinion and Order, it is this 20th day of

August 2020, hereby ORDERED that

1. The United State's Motion to Dismiss, ECF No. 15, is GRANTED;

2. Counts III and IV against the United States only are DISMISSED WITH PREJUDICE;

3. The CLERK is directed to TERMINATE the United States as a party to this case.

_____/S/_____
Paul W. Grimm
United States District Judge

14